Moses C. Hatfield, Appellant, *v.* Alexander Fullerton, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

To authorize a distress, the rent must be certain and specific; a landlord cannot apportion rent, so as to recover by distress, for the value of part of premises occupied, where the rent has not been fixed.

This was a proceeding by distraint for rent, commenced by appellee.

Distress warrant issued to collect the sum of $196.85, rent for the use of lot 5, in block 60, of Russell, Mather and Roberts' addition to Chicago, dated March 17th, 1859.

On the 12th day of November, 1859, the cause was tried, and issue found for the plaintiff, and damages assessed at $175, and motion entered for a new trial was overruled.

The evidence consists in a stipulation and a lease. Stipulation sets forth that the action is brought by the plaintiff, against the defendant, for rent claimed to be due upon a lease, dated May 1st, 1857, for lot 5, in block 60, in Russell, Mather & Roberts' addition to Chicago. That the distress was made March 17th, 1859, for a balance claimed to be due, of $196.85.

That at the time Hatfield leased the lot of Fullerton, a portion of the lot was occupied by William Burns, under Fullerton, and that Fullerton, at the time of the leasing of it, agreed to give possession of that portion of the premises occupied by

this party, and the party agreed with Fullerton that he would leave; that Fullerton afterwards tore down the fence put up by this party, and tried to get possession, but failed; that Hatfield paid the first and second quarter's rent, under protest, and that at the time he paid the second quarter's rent, he gave Fullerton notice that he would pay no further rent, except said premises were cleared so that he might have possession of the entire lot.

That Hatfield hired said lot, and intended to use the rear portion that was occupied by this party under Fullerton, and a portion adjoining it, as a wood yard; that by reason of the party continuing in the possession and refusing to give it up, under any circumstances whatever, Hatfield was deprived, to a great extent, of the use of the lot, and entirely of the use of the portion so occupied by the party before referred to, also shutting Hatfield off from the alley.

The lease is dated May 1st, 1857, between the parties, and for said lot 5, and to continue until the 1st day of May, 1860, Hatfield to pay to Fullerton, as rent for the same, the sum of $100 for the first year, $125 for the second and third years each, to be paid in quarterly payments, each in advance, and the further payment of all city taxes and assessments. Further covenanting that he had received possession, and would, at the expiration of the time, yield the same, etc.

The point made by the defendant was, that no distress would lie in any case, except the party renting the premises obtain possession of the entire premises leased.

That the defendant is only liable for use and occupation, and that *pro rata*, or in proportion to the amount he occupied.

The errors assigned are:

1. The court erred in entering a judgment in the cause against the defendant.

2. The court erred in entering a judgment in the cause against the defendant for the amount that appeared to be due upon the face of the lease.

3. The court erred in not sustaining the objection of the defendant to the action, and dismissing the cause, because distress would not lie where the party, plaintiff, had not given possession of the entire premises to the defendant.

4. The court erred in not granting a new trial, as prayed for by the defendant, and in overruling his motion for a new trial.

E. F. RUNYAN, for Appellant.

W. T. BURGESS, for Appellee.

Breese, J.   We are satisfied a distress cannot be maintained in a case like this, for the reason, that the landlord has no right to determine for himself what proportion the rent of the premises actually occupied, bears to the rent of the entire premises. His remedy is by an action for use and occupation, in which a recovery can be had on a *quantum meruit.*   It is true, the lessee might bring his action to eject the intruder, or tenant holding over a portion of the demised premises, and recover the possession of such portion, but until that is done, the rent cannot be apportioned by the landlord himself, and he permitted to distrain for it.   This would be making him the judge in his own cause, of the *pro rata* compensation to which he was entitled. Whether the amount distrained for, was a fair price for the use of that portion of the demised premises actually occupied by him, is not for him to determine.   There is no mode provided, by which the proportionate value to the tenant of the different parts of the premises can be ascertained.   To authorize a distress, the rent must be certain and specific.

In *Sudwell* v. *Newman*, 6 Term Rep. 458, it was decided that a lessee is not bound to test his right of entry by suit, as the only legal evidence of a breach of the covenant.   So in this case, the lessee, Hatfield, was not bound to test his right to that portion of the premises demised, which were in the occupancy of Burns.

The failure of the landlord to give possession of the whole premises leased, as he had agreed to do, deprives him of the right which the law conceded to him of distraining for the rent of that portion of the premises actually occupied, and the only remedy the landlord has, is by an action for use and occupation of such portion.   The landlord himself has put it out of the power of the tenant to tender the amount due.

The case of *Lawrence* v. *French*, 25 Wendell, 443, is to this effect.

We are referred by the counsel for appellee to the case of *Gardner* v. *Ketellas and McCarthy*, 3 Hill, 330, as a case in point.   That case does not conflict with the case cited from Wendell.   The opinion in both these cases was delivered by Chief Justice Nelson, and in the case from third Hill, he refers to the case of *Lawrence* v. *French*.   The case in third Hill was an action on the case, for the neglect of the defendants to put plaintiff in possession of the demised premises, then occupied by a tenant under a prior lease, and holding over.   The court said very correctly, if the party holding over is the wrong doer, the remedy of the lessee is as perfect and effectual to dispossess him after, as that of the lessor was before, the execution of the lease.

This case is a very different one. Here the lessee was put in possession, but not of the whole of the premises demised, and the question is, as to the remedy of the landlord under such a state of facts. The case from twenty-fifth Wendell, establishes the proposition, that it is not by distress, and for the plain reason, that the landlord has no authority to apportion the rent, and proceed for it, in this summary way.

The judgment of the Superior Court is reversed, and the cause remanded.

*Judgment reversed.*