## LAWSON S. WARNER

*v.*

## FRANKLIN M. HALE *et al.*

1. STATUTE OF FRAUDS—*agreement not to be performed within a year. Whether part performance takes case out of the statute.* In the case of a verbal leasing of a dock where the contract is not to be performed within one year, part performance by entering into possession of the demised premises, and occupying them for a while, will not, in a court of law, take the case out of the operation of the statute of frauds, but in a suit to recover rents, the contract being void, no recovery can be had upon it, but the plaintiff may recover for the use and occupation of the premises for the time they were occupied, estimating the value of the same on the basis of a *quantum meruit.*

2. LANDLORD AND TENANT—*when tenancy by the month is implied.* Where a party enters into possession of premises under a verbal letting which is void under the statute of frauds, agreeing to pay rent monthly, and pays rent under the contract awhile, he will become a tenant from month to month, and as such be entitled to notice to quit.

3. PARTNERSHIP—*right of one, to abandon leased premises and be exonerated from paying rent thereafter.* Where two persons as partners enter into possession of premises under a lease of the owner, with a stipulation for the payment of rent monthly, one of them can not withdraw without notice to the lessor, and thus escape liability for the rents for the time the premises are subsequently occupied by the other.

APPEAL from the Circuit Court of Cook County; the Hon. HENRY BOOTH, Judge, presiding.

Mr. J. W. CHICKERING, for the appellant.

Mr. M. W. ROBINSON, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action originally commenced before a justice of the peace of Cook county, by Franklin M. Hale and George Snooks, as partners, against Lawson S. Warner and C. D. Swartwout, as partners, and taken by the appeal of Warner to the circuit court; in which court a judgment was rendered against him for the amount of the plaintiffs' claim.

To reverse this judgment, Warner appeals to this court, and makes the point that the agreement under which plaintiffs claimed relating to an interest in land, and not to be performed within one year from the making thereof, was void by the statute of frauds and perjuries; and second, that he was not a party to the lease.

To the first point appellees reply, that taking possession of the leased premises, occupying the same for their business purposes, and paying rent therefor, took the case out of the operation of this statute.

The premises leased were a dock on the Chicago river, and that the agreement was within the statute of frauds and perjuries is not denied.

The cases cited by appellees to sustain their position, that taking possession of the premises and paying rent, do not apply to a case of this kind. They are cases of the sale of land by parol, where the purchaser pays the purchase money, enters into possession, and, holding under his purchase, makes valuable and lasting improvements. *Mason et al.* v. *Bair*, 33 Ill. 194. We recollect no case where this doctrine of part performance has been applied to a lease and in a court of law.

The agreement being void, what remedy has the owner? He has none on the contract, that is certain, but for the use and occupation of the premises for the time they were occupied, his remedy is ample.

The premises were demised by parol for one year, at a stipulated rent, payable monthly. Under it the lessees entered into possession, and paid the rent as it accrued, up to November, 1870, as is claimed. The lease being void by force of the statute, they became tenants from month to month, and would have been entitled to notice to quit. *Prickett* v. *Ritter*, 16 Ill. 96.

We think the proof is sufficient to show that appellant, with Swartwout, entered into the possession as partners, and paid rent as such.

Appellant claims, that the partnership ended and he abandoned the premises on the first of October, 1870. There is proof tending to show that after that date, Swartwout exercised some control over the dock by offering the use of it to Bayley to store his boats, which he did to some extent. It is not shown that appellant gave any notice to appellees, that he had abandoned the use of the premises, consequently they had a right to consider him as continuing in their occupancy with Swartwout, and treat him as an occupant.

Where two persons, as partners in business, enter into possession of premises by leave of the owner, with a stipulation for the payment of the rent monthly, we are not of opinion it would be justifiable for one of the partners to withdraw without notice to the lessor, and thus escape his liability for the rent. The partner withdrawing or abandoning the premises may be the one on whose responsibility the occupancy was permitted.

It is a question for the jury to determine, from the evidence, how long the premises were occupied by these parties as partners, or by either of them, and if they find that one of them occupied for a longer time than that for which they have paid rent, and for the months specified in the account, and no notice was given the owners of an abandonment by either of the partners, then they should find for the plaintiffs the rent in arrear for such time, estimating the value of the same on the basis of a *quantum meruit.*

With these views, the judgment must be reversed and the cause remanded.

*Judgment reversed.*