WILLIAM J. BROWNELL *et al.*

*v.*

CHARLES W. WELCH.

1. APPEAL—*from Appellate Court—facts found not open to review.* The finding of facts by the Appellate Court is conclusive in all appeals to this court, and the affirmance of a judgment by the Appellate Court is equivalent to finding the facts the same as the jury did.

2. LANDLORD AND TENANT—*lease by the month, how terminated.* Where, after a lease for one year has expired, a new lease is made by the month, the landlord has the undoubted right to terminate the lease at the end of any month, by giving the proper notice.

3. SAME—*when tenancy is from month to month.* Where a party enters into possession of premises under a verbal letting which is voidable under the Statute of Frauds, agreeing to pay rent monthly, which he pays as it accrues, he becomes a tenant from month to month.

APPEAL from the Appellate Court of the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and the Hon. OLIVER L. DAVIS and Hon. LYMAN LACEY, Justices.

Mr. B. D. LUCAS, for the appellants.

Messrs. WILLIAMS, BURR & CAPEN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of forcible detainer, commenced by Charles W. Welch against William J. Brownell and Elisha B. Steere, before a justice of the peace, to recover possession of a store room, described in the complaint. From the judgment rendered against them by the justice, defendants appealed to the circuit court, where the cause was tried *de novo,* before a jury, who found defendants guilty of withholding the premises from plaintiff, in the manner charged. On appeal to the Appellate Court that judgment was affirmed, and defendants bring the case to this court on their appeal.

It appears, from the record, that defendants occupied the premises during the year 1877, at a rental of $900, payable

monthly. That term expired on the 4th day of January, 1878. Previous to the expiration of that term there were some negotiations between defendants and the agent of plaintiff, as to the time defendants might continue to occupy the premises. Whatever the agreement was, it was not reduced to writing.

There is a direct conflict in the testimony as to the terms of the second leasing. One of defendants testified it was for the full period of one year, at a rent of $1000, payable in monthly installments; but the agent, in his testimony, is equally distinct that the renting was by the month, at $83.33⅓ per month. The jury must have found the facts as plaintiff alleged them to be, and the affirmance of the judgment in the Appellate Court is equivalent to finding the facts the same as the jury did. As the finding of facts by the Appellate Court is conclusive in all appeals to this court, it is not perceived how we can do otherwise than affirm the judgment. Conceding the truth to be as the Appellate Court seems to have found it was, the leasing was by the month after the expiration of the first year, then the landlord had the undoubted right to terminate the lease at the end of any month, which he did by giving the proper notice.

The instructions of which complaint is made are sanctioned by the decisions of this court in *Warner* v. *Hale,* 65 Ill. 395, and *Wheeler* v. *Frankenthal,* 78 id. 124. In the first of the cases cited it was distinctly ruled that where a party entered into possession of premises under a verbal letting which was voidable under the Statute of Frauds, agreeing to pay rent monthly, and paid rent as it accrued, he became a tenant from month to month. The instructions declare the same principle.

The judgment must be affirmed.

*Judgment affirmed.*