CHARLES CREIGHTON

*v.*

PATRICK SANDERS.

| | |
|---|---|
| 89 | 543 |
| 24a | 406 |
| 89 | 543 |
| 129 | 439 |
| 89 | 543 |
| 37a | 554 |
| 89 | 543 |
| 142 | 180 |
| 41a | 567 |
| 89 | 543 |
| 151 | 345 |
| 89 | 543 |
| 159 | 533 |
| 50a | 419 |
| 51a | 274 |
| 89 | 543 |
| 61a | 564 |
| 89 | 543 |
| 82a | 184 |
| 89 | 543 |
| 89a | [1]550 |

1. STATUTE OF FRAUDS—*parol leasing—part performance.* A verbal contract for the leasing of real estate for the period of five years is within the Statute of Frauds, and can not be made a ground of defense to an action by the landlord to recover the possession of the premises. Part performance does not, at law, take the case out of the operation of the statute.

2. LANDLORD AND TENANT—*extent of term.* Under a verbal lease of premises for five years at a monthly rent, the most that the tenant who has gone into possession can claim is, that the leasing was from month to month, and that he is therefore entitled to thirty days' notice to terminate the tenancy.

3. SAME—*sufficiency of notice to terminate term.* When a tenant goes into possession of real estate under a verbal leasing for a term of five years, at a monthly rental, which is voidable under the Statute of Frauds, the tenancy will be terminated by thirty days' notice from the landlord showing such intention, although the notice may assign a wrong reason, as, the non-payment of rent.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of forcible detainer, brought by Patrick Sanders against Charles Creighton, before a justice of the peace, for the possession of certain real estate in the city of Chicago, and taken by appeal to the circuit court, where a trial was had resulting in a verdict and judgment in favor of the plaintiff.

The weight of the evidence seems to show that the defendant having, for several years before, been in the possession of the premises as a tenant of the plaintiff, on the fourth day of July, 1872, the parties verbally agreed for the leasing of the same premises to the defendant for the term of five years from July 1, 1872, for $15 per month rent. It was also shown, and not disputed, that defendant, in a few days after such verbal contract, commenced and finally erected a two-story addi-

tion to the dwelling house already upon the premises, which cost over $500.

The defendant continued to occupy the premises under such leasing until after this suit was brought, and paid all rent up to May 1, 1874, since which time no rent appears to have been paid. On November 26, 1875, the plaintiff caused to be served upon the defendant a notice, as follows:

"To CHARLES CREIGHTON:

"You are hereby notified that, in consequence of your default in the payment of the rent for the months of May, June, July, August, September, October, November and December, 1874, and for the months of January, February, March, April, May, June, July, August, September and October, 1875, of the premises now occupied by you, being situate," etc., (describing them,) "I have elected to determine your lease, and you are hereby notified to quit and deliver up possession of the same on or before the first day of January, A. D. 1876.

*Chicago, Nov.* 19, 1875.          PATRICK SANDERS."

There was no proof of any demand of the rent prior to the giving of such notice.

Mr. PLINY B. SMITH, for the appellant.

Messrs. MATTOCK & MASON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Conceding the contract for leasing was for a period of five years, as defendant insists it was, still, as it was a mere verbal contract, and never reduced to writing, it was, for that reason, within the operation of the Statute of Frauds, and could not be made a ground of defense to an action by the landlord to recover possession of the premises. The fact there was a part performance of the contract does not, at law, take the case out of the operation of the Statute of Frauds. So this court has expressly ruled in *Warner* v. *Hale,* 65 Ill. 395, and *Wheeler* v. *Frankenthal,* 78 id. 124.

The utmost defendant can claim is, that the leasing was from month to month, and therefore he was entitled to thirty days' notice to terminate the tenancy. Thirty days' notice of the landlord's election to terminate the tenancy was in fact given, and although the landlord may have stated the wrong reason for it, nevertheless it was thirty days' notice to quit and surrender the premises, and that was all defendant was entitled to under the law. He was not and could not be in doubt that it was the intention of the landlord to put an end to the existing tenancy, and the notice given was effectual for that purpose, although it may not have been as accurately worded as it might have been.

The instructions given for plaintiff are not so variant from the law, as we understand it, as to have misled the jury, nor do we perceive any error in the refusal of the court to give the instructions asked by defendant. The latter do not present the law as applicable to the case, and the court did right in refusing to give them.

The judgment will be affirmed.

*Judgment affirmed.*