MICHAEL A. DONOHUE ET AL.

v.

CHICAGO BANK NOTE COMPANY.

*Landlord and Tenant—Recovery of Rent—Verbal Agreement for Term of Years—Statute of Frauds.*

1. A verbal agreement for a lease of premises for more than one year is void, but parties taking possession under such void agreement are, so long as they remain in possession, governed by its terms as to amount of, and time for, the payment of rent, but not as to the duration of the term.

2. Where there is an occupation and tenancy under an agreement for the payment of rent monthly, a lessee becomes a tenant from month to month and entitled to thirty days' notice to quit, and if he desires to terminate the tenancy, must give the landlord like notice.

3. A landlord entitled to thirty days' notice of his tenant's intention to quit premises leased, may recover, such notice not having been given, rent for such time.

[Opinion filed January 16, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs WEIGLEY, BULKLEY & GRAY, for appellants.

Messrs. CRATTY BROS. & ASHCRAFT, for appellee.

The rule is well settled that if the tenant abandons the

Donohue v. Chicago Bank Note Co.

lcased premises the landlord may, at his election, enter and determine the contract ; or he may suffer the premises to remain vacant, and sue on the contract for the entire rent; but he can not take possession and, at the same time, treat the contract as subsisting. Read v. Ridout, 5 Taunt. 519 ; Rice v. Dudley, 65 Ala. 68.

Where a tenant surrenders and the landlord accepts in the middle of a quarter it is held to be a surrender by operation of law, destroying the right to rent for the whole or any part of the current quarter. 2 Wood on L. & T., 2d Ed., Sec. 494, and cases cited.

Where the tenant abandons the premises and the landlord enters to make repairs it is such an acceptance as will establish a surrender. MacKellar v. Sigler, 47 How. Pr. (N. Y.) 20.

An express agreement to accept a surrender need not be shown, but the landlord's assent will be implied *by operation of law* from the manner in which he uses the property after its abandonment, and exists in spite of the intention of the parties; it is an inference of law, from the facts, and can not be overcome by showing that the landlord did not intend his acts to operate as an acceptance of the surrender. Nichells v. Atherstone, 11 Jur. 778 ; Creagh v. Blood, 3 I. & L. 132.

WATERMAN, J. In March, 1887, appellants agreed with appellee to lease to it room No. 20 upon the fifth floor of a certain building in Chicago. The agreement was for a term of three years, at a rental of $200 per month, payable monthly. A written lease was to be executed; one was made out by appellants and submitted to appellee; objection was made to some of its terms and it was not signed by appellee. Appellee took possession May 1, 1887. Mr. Nevers, the president of the Bank Note Company, was afterward spoken to about the lease, and said he had mislaid it and would look it up. Appellee remained in possession, paying rent, about twenty-three months; it moved out the last of March, 1889, and paid rent up to that time, but paid none for April, 1889; and for the rent of that month suit was brought.

Some time after taking possession appellee, in addition to

room 20, occupied a portion of an adjacent room; the arrangement being that appellee might occupy the additional space, paying no rent therefor, until appellant had an opportunity to rent it or ordered it out. Appellee occupied this additional space for some time, appellants frequently insisting that it should pay rent therefor, but none was ever paid, and in February or March, 1887, appellants ordered appellee to vacate this additional space; whereupon in the latter part of March appellee vacated the entire premises. Appellants cleaned up room 20 and rented it as soon as they could. It does not appear that they rented it for any portion of the month of April.

The agreement for a lease of room 20 for three years, was, under our statute of frauds, void; but the parties having taken possession under such void agreement, were, so long as they remained in possession, governed by its terms as to amount of, time for, payment of rent and other matters, but not as to duration of the term. Field v. Herrick, 14 Brad. 181; Doe v. Rizzie, 5 Durn. & East, 471; Laughran v. Smith, 75 N. Y. 205.

There being, then, an occupation and a tenancy under an agreement providing for the payment of rent monthly, appellee became a tenant from month to month, and entitled to thirty days notice to quit. Warner v. Hale, 65 Ill. 395; Brownell v. Welch, 91 Ill. 523; Creighton v. Sanders, 89 Ill. 543; Tiedeman on Real Property, Sec. 214.

Being entitled to thirty days notice to quit, if it desired to terminate the relation of landlord and tenant, it must give the same notice; the rights of the parties in this respect are equal.

It is urged that appellants having given notice to appellee to vacate the additional space, or what was known as the north room, that was in effect a notice to quit the entire premises, which appellee accepted and acted upon.

Appellee held room 20 under an agreement which operated to make it a tenant thereof from month to month, at a monthly rental of $200; it occupied the north room under an entirely different arrangement by virtue of which it was a mere tenant at will, an occupant by sufferance only; it paid no rent

therefor and was not liable under the arrangement even for use and occupation. It was, as to the north room, not entitled to thirty days, or any other number of days notice to quit; and the notice given as to that room had no more effect upon the month to month tenancy by which they held room 20, than their giving notice that they no longer desired and moving out of the north room would have had.

Appellants being entitled to thirty days notice that appellee would vacate, are entitled to recover rent for the month of April.

*Reversed and remanded.*