Mollitor v. C. M. Thom Van Co.

---

## J. A. Mollitor v. C. M. Thom Van Company.
### Gen. No. 11,764.

1.  FORCIBLE ENTRY AND DETAINER—*when judgment in, sufficient.* A judgment in an action of forcible detainer may, though defective, be sufficient for purposes of execution, and in determining its sufficiency both the complaint and the transcript may be referred to in aid thereof.

2.  LEASE—*when within Statute of Frauds.* A verbal lease for a longer period than one year is within the Statute of Frauds, notwithstanding possession may have been delivered and taken thereunder.

3.  TENANCY—*character of, where attempted lease is within Statute of Frauds.* Where the parties undertake to enter into a verbal lease for a longer period than one year and possession is taken thereunder, the tenancy, by operation of law, is one from month to month.

Forcible entry and detainer proceeding.    Appeal from the County Court of Cook County; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the March term, 1904.    Affirmed.    Opinion filed February 20, 1905.

OSCAR E. LEINEN, for appellant.

DEFREES, BRACE & RITTER, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of the County Court in a forcible detainer suit. This judgment was rendered in a case appealed by the defendant from a justice of the peace, and tried before a jury in said County Court. The premises in controversy were described in the complaint and in the justice's transcript as "The store room at the corner of Lincoln and Fullerton avenues, Chicago, heretofore rented by J. A. Mollitor from the C. M. Thom Van Co. and occupied by him as a cigar stand."

The evidence showed that in June, 1901, the C. H. Hardy Van Co., which has since changed its name to the C. M. Thom Van Co., sold the cigar store, or its contents and good will, to the appellant. Contemporaneously, and as a part of the same transaction, appellant contends— shortly afterward on the same day, and as an independent transaction, the appellee insists — the Van Company, through its president, Mr. Thom, attempted to make an oral lease of the premises to Mr. Mollitor for $15 a month, payable monthly. This lease was a sub-lease; Mr. Thom for the Van Company, having a lease of the premises from the owner of the title, with about twenty-two months to run. Mr. Thom and Mrs. Thom, his wife, testified that the attempted sub-lease was for this unexpired term of the original lease. Mr. Mollitor and Mrs. Mollitor, his wife, swore that the attempted renting was for "as long as I (Thom) have anything to do with the corner; that will be as long as Dow" (the owner) "lives."

Mollitor took immediate possession of the premises and continued in such possession until this suit was brought on July 6, 1903.

On May 19, 1903, two notices signed by C. M. Thom Van Company by Josephine K. Thom, President, addressed to J. A. Mollitor, were served on him. One was to the effect that the Van Company had elected to terminate on July 3,

1903, his lease of the premises in question, and notified him to quit on that date; and the other recited that the Van Company had elected to terminate "at the end of the month of your tenancy which shall expire next after the end of thirty days from the time of your being served with this notice, your· lease, etc.," and notified him to quit on that date.

The appellant did not comply with the demand in these notices, and this suit was brought. On the trial in the County Court, after all the evidence had been heard, the court instructed the jury to find for the plaintiff, and the jury returned such a verdict, finding "the defendant guilty, and that the right to possession of the premises in question is in the plaintiff." Whereupon a motion for a new trial was made and denied and judgment was rendered by the court that "the plaintiff do have and retain possession of the premises in question," and for costs, etc. An appeal was prayed and numerous errors assigned on the record in this court.

The argument of appellant is confined to these propositions :

"That it would be unfair to dispossess the Mollitors," because they would not have bought the cigar store if they had not expected to enjoy the lease beyond July, 1903; that "the Statute of Frauds cannot be relied on in this case, as it has not been pleaded or mentioned;" that "no certain person or corporation has been shown to have a right of possession," and especially, that the plaintiff did not show that it was entitled to possession at the time suit was brought; and that the judgment in the case is defective and does not follow either the verdict or complaint, and that no execution could issue on it.

We do not consider any one of these points well taken. The judgment, as we had occasion to remark of a similar one in Adams v. Pacini (opinion filed January 23, 1905), is in a form not at all to be commended. But we do not see why it does not follow the verdict, and both verdict and judgment are made certain by reference to the complaint and the transcript.

We can hardly be expected, in this proceeding, to enter into the general equities between appellant and appellee in the domain of conscience. Concerning them there seems to be a difference between the parties.

It is not necessary to discuss the right of possession shown by the plaintiff, for the defendant was not in a position to raise the question. C. M. Thom testified that it was the Van Company which made the oral lease on June 4, 1901, to J. A. Mollitor, and there appears in the evidence no denial that the Van Company did become the landlord, although the lease from Dow does not appear and may have been made to Thom as representing his company and being then president thereof. Counsel for appellant in his statement of facts says that "the evidence shows that Thom for himself *and his company* * * * leased the building for fifteen dollars a month rent" to the Mollitors. If the appellee, the Van Company, was the landlord, the appellant, Mollitor, could not dispute its title if it demanded possession in accordance with the terms of its leasing. It was of no consequence whether or not the Thom Company was entitled to possession against the rest of the world on July 4 or 5, 1903, if it then became entitled to such possession against the appellant. We think that it did become so entitled.

It does not matter whether it was attempted to make a lease for twenty-two months, as appellee claims, or for a longer and more indefinite term, as appellant asserts. The attempt was futile in either case. Under the Statute of Frauds the lease was not good for over a year. We think the record indicates that the appellee relied on the statute, although no written pleadings were had or required. It is not the law that because possession was given under the attempted lease, the lease thereby became valid for the term for which it was attempted to make it. Warner v. Hale, 65 Ill. 395. The true statement is this: by attempting to make a lease orally for a longer period than a year on a monthly rent payable monthly, and putting the lessee in possession, the lessor established a monthly tenancy subject

to all the incidents ·of a monthly tenancy. The rights of both lessor and lessee were then governed by the law which regulates such tenancies. Warner v. Hale, *supra;* Creighton v. Sanders, 89 Ill. 543. The appellee, asserting the right thus given, on the 19th of May, 1903, gave a thirty days' notice to the appellant to vacate and quit the premises. For greater caution, it would seem, two such notices were given. It seems to us that the second one, marked " Exhibit B " (inaccurately printed in the abstract in more than one respect), was sufficient, under the statute, to terminate the monthly tenancy on whatever day in July, 1903, the tenant's month ended. This was plainly, we should say, the 4th or 5th of July. As the notice was not obeyed, this suit was brought.

We see no error in the action of the court in refusing the instructions asked by the appellant, or in instructing the jury to find for the appellee.

The judgment is affirmed.

*Affirmed.*