E. W. BATES

*v.*

B. J. HALLINAN.

*Opinion filed February 21, 1906.*

1. LANDLORD AND TENANT—*distress warrant lies for only actual rent.* Damages for failure of a tenant to raise as much grain as he could had he exercised good husbandry cannot be recovered on a distress warrant for rent, even though the lease provides that the tenant shall pay one-half the grain raised as rent, and that all damages growing out of the tenant's failure to exercise good husbandry shall be added to the rent and become a part thereof, recoverable as rent.

2. SAME—*lien for faithful performance of lease does not render remedy by distress available.* The fact that section 31 of the Landlord and Tenant act gives a lien to the landlord upon crops grown or growing "for the faithful performance of the terms of the lease" does not extend the remedy by distress warrant to the enforcement of such lien, as that remedy is available only to enforce the lien for actual rent.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. G. W. PATTON, Judge, presiding.

HUMPHREY & ANDERSON, for appellant:

In this case the lease expressly provided that the lessee should cultivate in a husbandlike manner and raise the greatest amount of grain the nature of the soil and season would permit, and that any damages arising from failure to perform the covenants of the lease should be added to and become a part of the rent, recoverable as rent, and under these clauses appellant was entitled to distrain.

Where a landlord leases for a portion of the crop raised, the landlord is entitled to such an amount out of the crop actually raised as the tenant would have raised for him by proper industry, and he is entitled to distrain for this amount. *Wheat* v. *Watson,* 57 Ala. 581.

The proceedings by distress for rent at common law, on which the old decisions are founded, were very narrow. 7 Ency. of Pl. & Pr. 21; *Hatfield* v. *Fullerton,* 24 Ill. 278.

The remedy has been greatly enlarged by the statute. Starr & Cur. Stat. chap. 80, secs. 16-35.

It would seem that the legislature intended the action to be a full remedy between the landlord and tenant for all claims and counter-claims growing out of the lease. Starr & Cur. Stat. chap. 80, secs. 16-35; *Holly* v. *Metcalf,* 12 Ill. App. 141; *Poppers* v. *Meagher,* 33 id. 20; *Wiemerslage* v. *Zulk,* 91 id. 575; Endlich on Interpretation of Statutes, secs. 103-107.

・BLINN & COVEY, for appellee:

Section 16 of chapter 80 of the Revised Statutes, provid-・ing for distress for rent due, enlarged the common law remedy and must be strictly construed. ˙*Kellogg Newspaper Co.* v. *Peterson,* 162 Ill. 161.

This statute empowers a landlord to distrain for rent due, and not for alleged damages for a breach of the covenants of the lease. *Johnson* v. *Prussing,* 4 Ill. App. 579; *Hatfield* v. *Fullerton,* 24 Ill. 280; *Marr* v. *Ray,* 151 id. 345; *Valentine* v. *Jackson,* 9 Wend. 302; *Taunton* v. *Boomgarden,* 89 Ill. App. 561; 2 Taylor on Landlord and Tenant, sec. 558.

Remedy by distress for rent is not favored by the law. 2 Taylor on Landlord and Tenant, sec. 558.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was a suit for distress for rent levied on all the corn grown on appellant's premises which was raised by appellee in the year 1904. The lease under which appellee held and

upon which the distress warrant was issued, provided, among
other things, that appellee should farm the premises in a
husbandlike manner and raise the greatest amount of grain
the nature of the soil and the season would permit, and that
all damage growing out of the failure to perform any cove-
nant of the lease should be added to the rent and become
a part thereof, recoverable as rent.    The lease further pro-
vided that appellee should pay one-half of all grain raised on
said premises.    The distress warrant, as amended, alleged,
in substance, the demise and possession by the tenant and
then set up the condition as to good husbandry as above set
forth, and then averred that appellee, after he took posses-
sion, planted two hundred acres of the premises in corn;
that it thereupon became his duty to plow the corn three
times and harrow it once and keep all weeds out of it; that
the crop season was a good one, and that if appellee had
properly cultivated the corn he might have raised eight
thousand bushels of corn on said premises, but that appellee
did not regard his duty in the premises and did not cultivate
the same in a husbandlike manner, but, on the contrary, did
not plow sixty acres of said corn at all, did not harrow any
of it and only plowed a large part of the remaining part of
the one hundred and forty acres once, whereby, instead of
raising eight thousand bushels of corn, which he should and
would have done by proper husbandry, he only raised about
three thousand bushels, whereby Bates (the appellant) lost
twenty-five hundred bushels of corn he ought to have had,
which was worth forty cents per bushel, or the sum of $1000,
which sum of $1000 had become due as rent, under the terms
of the lease, in addition to the one-half of the crop actually
raised, which was claimed to be worth $1000, and $25 for
not trimming hedges, making a total of $2025, for which the
distress warrant was issued.    A demurrer was interposed to
the distress warrant and sustained to that part which charged
bad husbandry and for damages consequent thereon, and the
court thereupon gave judgment on that part of the distress

warrant alleging a failure to deliver the one-half actually raised. Appellant stood by his distress warrant and prosecuted an appeal to the Appellate Court, where the judgment was affirmed, from which judgment appellant has prosecuted a further appeal to this court.

The only error relied upon is in the sustaining of the demurrer to that part of the distress warrant claiming damages for bad husbandry.

Appellant says the whole case turns on two questions: "First, whether the amount claimed is due as rent, in which case it can be recovered in this action; second, whether, if it is not due as rent but is due under the conditions of the lease, it can be recovered by distress." Appellant then argues that as the tenant agreed to raise such a crop as he reasonably could and to give one-half thereof as rent, the agreement is, in effect, to pay one-half of what he might reasonably raise. Such a construction as appellant contends for might be conceded and still the amount appellee might reasonably have raised and did not raise, where a portion of the crop grown is to be paid as rent, cannot be held to be rent. The rent fixed by the contract is specific and is to be half of what is raised. Now, it seems quite evident that what the tenant did not raise for any cause but paid for in some other manner would not be rent, but would be damages for a failure to raise a reasonable crop, out of which the larger rent, being one-half of the crop, might be realized. Nor do we think the stipulation in the agreement, that in case the tenant failed to grow as much corn as he reasonably could the damage therefrom should be regarded as a liability for rent, can have the effect of making that which is damages in fact, rent, within the meaning of the statute in reference to distress. The fact that the lease contains the stipulation that the tenant will exercise good husbandry and raise as great a crop as the season will permit, adds nothing, as we view it, to the lease. The mere leasing of the farm without such an express stipulation includes the implied agreement on the part of the ten-

ant that he will exercise good husbandry in farming the land. *Walker* v. *Tucker,* 70 Ill. 527; Taylor on Landlord and Tenant, secs. 344-356.

The remedy here sought to be enforced is statutory. It is conceded by the appellant that at common law the distress could not be levied for anything other than rent. Section 16 of the Landlord and Tenant act reads: "In all cases of distress for rent, the landlord  *  *  *  may seize for rent any personal property of his tenant that may be found in the county where such tenant shall reside; and in no case shall the property of any other person, although the same may be found on the premises, be liable to seizure for rent due from such tenant." (Hurd's Stat. 1903, p. 1178.) The word "damages" nowhere appears in the above section authorizing the issuance or levying of the distress warrant. The above section is no more, so far as relates to the claim for which the warrant may issue, than the legislative enactment of what was the common law. The writ issued by the landlord is a process, and under our statute stands both as a process and a pleading. That the landlord shall have jurisdiction to issue the process the claim must be for rent due and for nothing else. His process, in so far as it claims for rent due, is valid, and in so far as it is for any other matter or claim is beyond the jurisdiction of the landlord to issue it. It is familar law that parties cannot confer jurisdiction by agreement. That is a question determined and fixed by law, and in this case the parties could not, by their stipulation that the damages for failure to raise a reasonable crop should be regarded as rent, thereby confer jurisdiction upon the landlord to issue process for that which is not, in fact, rent.

Appellant, however, directs our attention to section 31 of the act, which reads: "Every landlord shall have a lien upon the crops grown or growing upon the demised premises for the rent thereof, whether the same is payable wholly or in part in money or specific articles of property or products of the premises, or labor, and also for the faithful perform-

ance of the terms of the lease," and urges that the lien is there specifically given "for the faithful performance of the terms of the lease," and that such provision was intended to include damages such as are here claimed. We are not prepared to say that the particular words relied upon include a claim for damages for a breach of the lease, or were so intended by the legislature in the enactment of the law. That expression may be reasonably referred to section 33 of the act, which relates to the abandonment of the premises, and authorizes the landlord, in case the premises are abandoned, to take possession of them and cause the same to be properly cultivated and the crops harvested and gathered and disposed of, and to apply the proceeds, so far as necessary, to compensate him for his labor and expenses and to pay the rent.

If, however, the construction contended for by appellant should be placed upon section 31 of the act it would not necessarily follow that he would have his remedy of distress for the damages. The lien is one thing and the method of enforcing it is another. By the statute the landlord may have distress for rent, and unless we read into the statute something that does not appear to be there he cannot have his distress for any other thing or claim than rent. Section 16 of the statute, which authorizes the distress, has read substantially as it does now since 1845, and the holdings of this court have been uniform that under it distress will not lie for anything other than rent, and the cases have usually gone to the extent of holding that the rent must be certain and specific. (*Hatfield* v. *Fullerton*, 24 Ill. 278; *Cox* v. *Jordan*, 86 id. 560; *Marr* v. *Ray*, 151 id. 340.) The reasoning in *Cox* v. *Jordan, supra,* would seem to make this position clear. There the landlord issued his distress for rent. The tenant filed a plea of set-off, and the landlord amended his declaration by adding thereto the common counts, instead of replying by way of counter-claim or set-off to the plea of set-off of the tenant. The amendment of the declaration was stricken,

and this court, on review, held that it was properly stricken and that nothing could be recovered by the landlord under his distress but rent.   In *Marr* v. *Ray, supra,* it was said (p. 345) : "We recognize the rule to be that there can be no distress unless the relation of landlord and tenant exists, and there is a certain fixed rent in money, produce or services, payable at a certain time,"—citing *Valentine* v. *Jackson,* 9 Wend. 302, *Johnson* v. *Prussing,* 4 Ill. App. 575, *Hatfield* v. *Fullerton, supra,* and Taylor on Landlord and Tenant, sec. 561.   The cases in this State above quoted from have all been considered and decided since the statute of 1845, of which section 16 was a part, and the case of *Marr* v. *Ray* was decided since all the amendments to the statute.   The court had them before it and we think understandingly made the pronouncements therein contained.

Appellant admits that there may be a remedy in equity by the appointment of a receiver and the benefit of section 31, as he construes it, saved to the landlord.   Whether this be true or not is not a matter for this court to determine in the case at bar, as we have said the lien is one thing and the remedy another.   If the General Assembly has given a lien and has provided no means for the enforcement of it, or if the means provided are inadequate, the matter is one that must be referred to that body to supply the deficiency.   The statute is an enlargement of the common law powers and rights of the landlord, and the remedy must be strictly interpreted and pursued.   *Kellogg Newspaper Co.* v. *Peterson,* 162 Ill. 158.

We think the Appellate Court came to the proper conclusion and entered the proper judgment in this cause, and it is accordingly affirmed.                    *Judgment affirmed.*