Cummings v. Holland.

---

### Amelia Cummings v. John Holland et al.

1. INSTRUCTIONS—*should not be contradictory.* Where the instructions given in a cause are contradictory, and are calculated to confuse the jury with respect to matters material to the issues, a reversal will follow.

2. EVIDENCE—*when errors in admission of, ground for reversal.* The admission of immaterial evidence, calculated to confuse the jury, is ground for reversal.

3. DISTRESS FOR RENT—*when lies to enforce lien upon crops.* The lien given by statute upon crops, except as to the actual rent, cannot be enforced by a distress proceeding.

Action in case. Appeal from the Circuit Court of Christian county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

FRANK P. DRENNAN, for appellant; R. C. NEFF, of counsel.

J. E. SHARROCK and W. B. McBRIDE, for appellees.

Mr. Justice Puterbaugh delivered the opinion of the court.

In an action in case, appellees recovered a judgment against appellant for the sum of $300, to reverse which this appeal is prosecuted. The first count of the declaration charges, in substance, that the defendant unlawfully caused a distress warrant to issue against the plaintiffs and to be levied upon their growing crops; and the second count that after such levy had been made and while said crops were being held by virtue thereof, the defendant negligently failed to properly care for the same, whereby said crops became and were damaged and partially destroyed and rendered worthless. To said declaration the defendant pleaded the general issue.

The material facts involved, so far as we are able to glean them from the imperfect abstract and involved arguments of counsel, are substantially the following: On April 24, 1903, appellant, by written lease, rented her farm of 130 acres, to appellees, for the term of one year, for a portion of the crops to be raised thereon. Said lease contained a provision similar in substance to the statute upon the same subject, which provided that the appellees should not remove or sell any of the grain raised on the premises until the rent was fully paid; that upon their so doing the rent should immediately become due, and that appellant should have the right to take possession of such grain and remove and sell the same, or if said grain should not then be sufficiently matured for harvesting, to cultivate the same until it was fit, and then harvest and sell it, and apply the proceeds to the payment of the rent and the costs and expenses of carrying out the provisions of the lease. It was further provided by said lease that appellant should have a lien upon the part of the grain belonging to appellees to secure the payment of a note due from appellees to her for $450 which note was also secured by a chattel mortgage. And further that in case appellant should furnish any labor or

incur any expenses in farming the premises, the amount and value of the same should be chargeable as a lien for rent upon all crops raised upon the premises. And still further that in case appellees should not proceed to farm all of said premises when requested by appellant, as soon as the weather and season would thereafter permit, then appellant might proceed to farm the same, and appellees agreed to pay the entire expense thereof, or that appellant might declare the lease forfeited as to the whole of the premises or any part of the same. Under such lease appellees entered into possession of the premises and proceeded to farm the same, with the exception of about twenty acres of which appellant took possession and cultivated, charging the expenses thereof to appellees.

On June 30, 1903, appellee, John Holland, gave a bill of sale to one Phillips for an undivided one-half of forty acres of the oats and seventy-five acres of the corn growing upon the premises. He also contracted to sell to one Ritscher all of the oats raised on the premises that he, Holland, would have to sell that season. Upon learning of these transactions, appellant, on August 20, 1903, levied a distress warrant upon said crops and took possession of the same thereunder. Although the evidence is conflicting upon the issue, it fairly tends to show that a few days after the levy, an arrangement was made between appellant and John Holland acting for himself and appellee, Ed Holland, his son, whereby appellees were to care for and harvest the crops and then deliver the same to market in the name of either appellant or of Taylor, the constable who executed the distress warrant. The suit for distress was afterwards tried and resulted in a judgment for the appellees. The evidence further shows that after the levy of the distress warrant, the crops in question were damaged by exposure to snow and rain and by reason of stock running upon the same. It will not be necessary to now determine the

extent of such damages or whether appellant was lia-
ble therefor, as the present judgment must be reversed
for the errors hereinafter indicated.

It was contended by appellees upon the trial, that
the bill of sale to Phillips and the contract of sale
with Ritscher were not such sales of the crops as were
contemplated by the lease or the statute relative to the
right of distress, and were not sufficient to justify
the issuance of the distress warrant. The court over
the objections of appellant permitted John Holland
to testify that the bill of sale to Phillips was intended
as a mortgage only. Upon the question as to the right
of appellant to issue and have levied the distress war-
rant, the court, by the seventh instruction given at
the request of appellant, instructed the jury that if
appellant learned from any source that Holland had
executed the bill of sale to Phillips or entered into
the contract with Ritscher for the sale of any por-
tion of the crops on the premises, then appellant had
the right to levy the distress warrant and that it was
not incumbent upon appellant to inquire whether
or not said apparent sales were absolute or other-
wise; and by appellant's fifth instruction, that it was
immaterial whether or not appellees had, since the
levy, paid their indebtedness so intended to be se-
cured, but that appellant had the further right to
act upon the facts as they appeared to her at the
time of the levy; and by appellant's third instruction
that even though the bill of sale to Phillips and the
contract with Ritscher did not in fact endanger the
lien of appellant, yet the same were violations of the
terms of the lease and the provisions of the statute,
and authorized appellant to levy the distress warrant.
These instructions substantially stated the law ap-
plicable and were properly given. Under the rule
therein stated the evidence admitted as to whether or
not the bill of sale was absolute, was immaterial. By
appellees' fifth given instruction the jury was told that
if appellees or either of them gave a bill of sale to

secure the payment of indebtedness merely, and that such indebtedness was afterward satisfied, then the giving of the bill of sale would not prevent appellees from recovering in this suit; and by appellees' eighth instruction, that such bill of sale would constitute a lien only and would not prevent a recovery by appellees in this suit if they believed further that the legal title to the property was in appellees. These instructions were manifestly in conflict with those given for appellant upon the same subject, and were essentially confusing, misleading and improper. Appellees were also permitted to prove on the trial that at the time the distress warrant was levied, appellant foreclosed the chattel mortgage mentioned in the lease and at the sale bid in the chattel property sold thereunder. These facts were utterly immaterial to the issues and tended to prejudice the jury. The court also admitted testimony tending to show damages to the crops prior to the levy of the distress warrant, which was clearly error. The record of the distress proceeding was competent for the purpose of showing that the proceeding had terminated but should have been admitted for that limited purpose only. It was not competent as tending to show that the distress warrant was wrongfully issued, as the court told the jury in appellees' ninth instruction. Other alleged errors of a minor character are argued by counsel, of which lack of time forbids discussion in detail. It may be said, however, in passing, that the lien given by the statute, upon crops, except as to the payment of actual rent, cannot be enforced by a distress proceeding. Bates v. Hallinan, 220 Ill. 21; Lord v. Johnson, 120 App. 55. The evidence in the record is sufficiently close and conflicting to render the errors indicated, prejudicial, and the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*