## CHARLES JOHNSON

### v.

## ERNST PRUSSING.

1. REPLEVIN.—To sustain replevin for the wrongful taking and detaining of a personal chattel, it must be shown that the defendant wrongfully took it from the actual or constructive possession of the plaintiff. In this case, plaintiff in error had built a house upon ground leased of defendant in error, and being about to remove it, defendant in error had levied a distress warrant thereon, and placed a custodian in charge by remaining on the lot,

the family of plaintiff in error still occupying the house. He then brought replevin in the *cepit* for the house. *Held*, that the plaintiff in error had not wrongfully taken the house out of the possession of defendant in error, and under the issue of *non cepit* the plaintiff had failed to make out a case.

2. DISTRESS WARRANT—CANNOT BE LEVIED UNLESS FOR RENT DUE.— The right of a landlord to distrain for rent arises at common law, and there can be no distress unless there has been an actual demise, at a certain fixed rent. There being no evidence that plaintiff in error was to pay rent, the dis ress was invalid, and furnished no ground to support the action of replevin.

3. MANNER OF LEVY.—A mere paper levy, with placing a custodian on the lot, but not in the house, is not such a levy as would give defendant in error a special property in the house.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed December 8, 1879.

Mr. N. N. CRONHOLM and Messrs. McCAGG, CULVER & BUT- LER, for plaintiff in error; that to maintain replevin, plaintiff should have the right to the possession, cited Collins v. Evans, 15 Pick. 63; 2 Greenleaf's Ev. § 261.

Even if the house belonged to the landlord, and he had leased it for a definite time, he could not maintain replevin till the term had expired: Ingraham v. Martin, 15 Me. 373; Gordon v. Harper, 7 Durn. & East 9; Wyman v. Dorr, 3 Me. 183.

Under the issue of property in plaintiff in error, the defend- ant in error had the affirmative, and was bound to show his right of possession: Anderson v. Talcott, 1 Gilm. 365; Chand- ler v. Lincoln, 52 Ill. 74; Constantine v. Foster, 57 Ill. 36; Johnson v. Neale, 88 Mass. 227; McFarlan v. McClellan, 3 Brad- well, 295; Seibert v. McHenry, 6 Watts. 301; Reynolds v. Mc- Cormick, 62 Ill. 412.

The court erred in entering a general judgment upon a find- ing of "the issues for the plaintiff:" Bemus v. Beekman, 3 Wend. 668; Boynton v. Page, 13 Wend. 425; Sprague v. Kneeland, 12 Wend. 161.

Demand for possession should have been shown: Bough ton v. Bruce, 20 Wend. 234; Ingalls v. Bulkley, 15 Ill. 224;

Underwood v. Tatham, 1 Carter, 276; Clark v. Lewis, 35 Ill. 417; Holcomb v. Davis, 56 Ill. 413; Newman v. Jenne, 47 Me. 520; O. & M. R. R. Co. v. Noe, 77 Ill. 513; 1 Chitty, Pl. *157.

Distress for rent is under the landlord's authority, and not a process of the court: Alwood v. Mansfield, 33 Ill. 452.

To authorize a distress, there must be an actual demise, at a certain fixed rent, and it must be for rent in arrear: Taylor's Land. and Ten. § 561; Valentine v. Jackson, 9 Wend. 302; Hatfield v. Fullerton, 24 Ill. 279; Clark v. Fraley, 3 Blackf. 264; Bailey v. Wright, 3 McCord, 484; O'Farrell v. Nance, 2 Hill. 484; Evans v. Herring, 3 Dutch. 243.

The affidavit should show the house was personal property: Chatterton v. Saul, 16 Ill. 151.

The house was exempt from distress for rent: Rev. Stat. 1877, 483; Deere v. Chapman, 25 Ill. 610; Blue v. Blue, 38 Ill. 9; McClurken v. McClurken, 46 Ill. 327; Conklin v. Foster, 57 Ill. 104; Thurston v. Maddocks, 88 Mass. 428; LaSalle Mfg. Co. v. Ottawa, 16 Ill. 418; Mason v. O'Brien, 42 Miss. 428; Mix v. King, 55 Ill. 434; Bunker v. Paquette, 37 Mich. 79.

Messrs. Butz, Eschenburg & Prussing, for defendant in error; that although an averment of substance be omitted from a declaration, yet if a plaintiff has a verdict, such omission will not arrest the judgment, cited Ill. Cent. R. R. Co. v. Simmons, 38 Ill. 242.

The house was not exempt from distress, the rent reserved being the purchase money of a leasehold estate: 1 Black. Com. 489; Stone v. Darnell, 20 Tex. 14; Thompson on Homesteads and Exemptions, § 330.

McAllister, J.   This was replevin for a house, brought by Prussing against Johnson, in the Superior Court of Cook county.   The writ and declaration were in the *cepit.*   The pleas were: (1), *Non-cepit;* (2), Property in defendant Johnson, traversing property in plaintiff.   A jury was waived, and trial by court, who found defendant guilty and property in plaintiff; and, overruling defendant's motion for a new trial,

gave judgment on the finding.  Defendant brings the case to this court on error.  The bill of exceptions contains all the evidence, from which it appears that Johnson was lessee of Prussing of a piece of ground upon which the house in controversy rested; that such tenancy began in August, 1874, and by its terms was to end in August, 1879; that the house was erected and owned by Johnson, who was in the act of moving it, having raised and provided rollers for the purpose, whereupon Prussing issued his distress warrant, and Johnson's family being in the house, Prussing's bailiff, or custodian, was put in charge of it by remaining on the lot.  Johnson having declared he would remove it anyhow, Prussing sued out the writ of replevin in this case.  The only basis of Prussing's right of recovery, was the issuing of this distress warrant, and the alleged levy upon the house thereunder.  The judgment in this case is manifestly erroneous.  The writ and declaration are for the wrongful taking and detention of the house.  In Simmons v. Jenkins, 76 Ill. 482, the court said: "To sustain the action of replevin for wrongfully taking and detaining a personal chattel, it is necessary to show that the defendant wrongfully took it from the actual or constructive possession of the plaintiff.  This is elementary law."

Johnson's family were in the house before, at the time of the supposed levy of the distress warrant, and so continued down to the time of the execution of the replevin writ.  The only ground for issuing the replevin writ was that Johnson said he would move the house anyhow.  He did no act.  He did not wrongfully take the house out of the possession, actual or constructive, of the plaintiff.  So that the plaintiff failed to make out his case, under the issue on the plea of *non cepit*. Under the issue upon the plea of property in Johnson, it is still worse.  The case fails to show that Johnson was to pay any rent, or that any was due.  The right of a landlord to distrain for rent arises at common law, and is not created by statute.  "There can be no distress unless there has been an actual demise at a certain fixed rent, either in money, produce or services, payable at a time certain."  Taylor's Landlord and Tenant, Sec. 561; Valentine v. Jackson, 9 Wendell's R. 302.

So that the distress warrant, under the circumstances of this case, was unauthorized and void. Even if valid, there was no sufficient levy shown; no possession was taken of the house, or act done which would render the bailiff or Prussing trespassers, but for the writ. A paper levy, with merely a custodian on the lot, not in the house, was not such a levy as gave Prussing a special property in the house.

For these reasons, the judgment will be reversed and the cause remanded

Reversed and remanded.