WILLIAM L. MARR

*v.*

SARAH A. RAY.

*Filed at Ottawa, June 19, 1894.*

1. STATUTE OF FRAUDS—*lease—payment of rent as taking the case out of the statute.* Where a lease is within the statute of frauds, and the lessee enters under it and pays rent for a part of the term, such entry on the possession will not, in an action at law, take the case out of the operation of the statute.

2. Where a parol lease is made fixing the amount of rent per month and the time of its payment, and fixing the term at a greater period than one year, it is clearly within the statute of frauds; and the tenant

entering under such voidable contract, and paying rent at the sum fixed by the contract, becomes a tenant from month to month, and is entitled to notice to quit.

3. LANDLORD AND TENANT—*rent determined by contract within the statute of frauds*. The rule of law having been established that, where a parol contract for the leasing of real property by the month, within the statute of frauds, is made, and possession taken under it, and payments of rent made thereunder, a tenancy from month to month is created; the policy of the statute is satisfied in preventing any person being charged on a contract creating an interest in lands for a longer period than one year by an oral contract; and the parties having proceeded to act under the contract, and having created the relation of landlord and tenant, the contract, so far as its stipulations are made, not within the statute, governs the parties, so long as possession is retained and the tenant has an interest from month to month, and is regulated in every respect by the provisions of the lease, except as to the term; and the proof of the contract is sufficient proof of the amount of rental per month.

4. When rent is due by the terms of a parol letting, which regulates the amount and time of payment of rent, the landlord will have the right to distrain for rent due, and is not required to sue for use and occupation.

5. DISTRESS FOR RENT—*relation of landlord and tenant—fixed rent*. Distress for rent does not lie, unless the relation of landlord and tenant exists, and there is a certain fixed rent in money, produce or services, payable at a certain time.

6. USE AND OCCUPATION—*when the action lies*. Prior to the act of February 20, 1861, to maintain an action for use and occupation, the relation of landlord and tenant must have existed between the parties, and have been founded on a contract, express or implied. By that act, the remedy was extended to include other cases therein named, but created no new rule of evidence.

7. SAME—*of the evidence admissible*. In the action for use and occupation, the plaintiff may resort to the original agreement, though void under the statute of frauds, for the purpose of ascertaining the amount of rent to be paid, and although the special agreement is not declared on, the defendant is not at liberty to give evidence of the value of the premises so as to reduce the recovery below the sum stipulated.

8. The action may, in particular cases, be determined from the contract between the parties, which, in such cases, must govern as a matter of evidence as to the amount of damages. In other cases, under particular facts, it must be determined under a *quantum meruit*, and the value of the rental shown.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County; the Hon. THOS. G. WINDES presiding.

Proceedings by distress for rent were instituted before a justice of the peace of Cook county by appellee, where she recovered a judgment against appellant for $70.00, and an appeal was prosecuted to the Circuit Court, where the judgment was affirmed, and an appeal to the Appellate Court was again affirmed.

The facts proved at the trial were that appellant was the tenant of appellee, of premises consisting of a store and basement and a flat, situated at No. 56 North State street, under a written lease expiring May 1, 1890, at a rent of $80.00 per month. April 15, 1890, a verbal agreement was made by appellant, with a person assuming to be the agent of appellee, of the store alone, at a rental of $57.50 per month, for one year, beginning the 1st of the following May. Under that agreement the appellant continued to occupy the store, but not the other premises, and paid rent for a time. The evidence was conflicting as to the amount of rent agreed to be paid. Appellee also proved the reasonable value of the store, over the objection of appellant. Appellant's motion to exclude appellee's evidence, upon the ground that the agreement is within the statute of frauds, and that, the action being distress, it could not be supported by proof of the *quantum meruit*, and other grounds, was overruled.

Appellant offered evidence showing the unsanitary condition of the premises, as bearing upon the reasonable value of the premises. At the close of the evidence, the court, of its own motion, instructed the jury to disregard all evidence relating to the reasonable value of the premises. On affirmance by the Appellate Court, that court made a certificate, in accordance with the statute, that the cause involves questions of law of such importance, on ac-

count of principal and collateral interests involved, as that it should be passed upon by the Supreme Court. The points sought to be raised by the assignments of error are whether the terms of a lease which falls within the statute of frauds fix the amount of rent, and distress for rent may be made on such lease, so within the statute where there has been possession by the tenant, and whether a contract made by a person acting as agent on behalf of another as principal, where the pretended agent is not authorized so to act, will be made binding upon the other party by the subsequent ratification of the principal.

Messrs. STIRLEN & KING, for the appellant:

An oral lease within the statute of frauds does not fix the amount of the rents. *Warner* v. *Hale*, 65 Ill. 395; *William Butcher Steel Works* v. *Atkinson*, 68 id. 421; *Galvin* v. *Prentice*, 45 N. Y. 162; *Erben* v. *Lorillard*, 19 id. 302; *Whipple* v. *Parker*, 29 Mich. 369; *Ragsdale* v. *Lander*, 80 Ky. 62.

Distress does not lie where the rent must be estimated upon the basis of the *quantum meruit*. *Hatfield* v. *Fullerton*, 24 Ill. 278; *Johnson* v. *Prussing*, 4 Ill. App. 575; *Valentine* v. *Jackson*, 9 Wend. 302.

Where the lease is within the statute of frauds, the rent must be estimated on the basis of the *quantum meruit*. *Warner* v. *Hale*, *supra*.

The claim being based upon a lease within the statute of frauds, the conclusion is that distress does not lie for its enforcement.

Messrs. THORNTON & CHANCELLOR, for the appellee:

The appellant having taken possession under the void agreement, was bound by its terms as to amount of rent, as long as he had such possession. *Donahue* v. *Ch. Bank Note Co.*, 37 Ill. App. 552; *Field* v. *Herrick*, 14 Bradwell,

181; *Doe* v. *Rizzie*, 5 Durn. & East, 471; *Laughran* v. *Smith*, 75 N. Y. 205.

"There being then an occupation and a tenancy under an agreement providing for the payment of rent monthly, appellant became a tenant from month to month, and entitled to thirty days' notice to quit." *Warner* v. *Hale*, 65 Ill. 395; *Brownell* v. *Welch*, 91 id. 523; *Creighton* v. *Sanders*, 89 id. 543; Tiedeman on Real Property, 214.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

The question of the authority of the agent to enter into the contract on behalf of appellee, as also whether there was ratification of the contract by appellee, were questions of fact settled by the trial and Appellate Courts. The only question arising on the record before this court is, whether the terms of a lease within the statute of frauds, as to the amount to be paid under such lease, are evidence of the amount of rent due for which the landlord may distrain. The evidence in this record shows the lease was within the statute of frauds, and the lessee entered under it and paid rent for a part of the term. Such entry, on the possession under such contract did not, in an action at law, take the case out of the operation of the statute. *Wheeler* v. *Frankenthal*, 78 Ill. 124; *Warner* v. *Hale et al.*, 65 id. 395; *Chicago Attachment Co.* v. *Davis Sewing Machine Co.*, 142 id. 171. But where a parol lease is made, fixing the amount of rent and the time of its payment, and fixing the term at a greater period than one year, it is clearly within the statute of frauds; and the tenant entering under such voidable contract, and paying rent at the sum fixed by the contract, becomes a tenant from month to month, and is entitled to notice to quit. *Prickett* v. *Ritter*, 16 Ill. 96; *Warner* v. *Hale et al.*, *supra*. Being such tenant, and having made payment of rent, and holding over from month to month, he is liable monthly for the rent to be paid by the terms of the contract under which he entered,

in the absence of another and different contract. *Prickett* v. *Ritter, supra; McKinney* v. *Peck,* 28 Ill. 174; *Brownell et al.* v. *Welch,* 91 id. 523; *Creighton* v. *Sanders,* 89 id. 543.

We recognize the rule to be, that there can be no distress unless the relation of landlord and tenant exists, and there is a certain fixed rent in money, produce or services, payable at a certain time. *Valentine* v. *Jackson,* 9 Wend. 302; *Hatfield* v. *Fullerton,* 24 Ill. 278; *Johnson* v. *Prussing,* 4 Ill. App. 575; Taylor on Landlord and Tenant, sec. 561

The rule of law having been established, that where a parol contract within the statute is made and possession taken under it, and payments of rent made thereunder, a tenancy from month to month is created. The policy of the statute is satisfied in preventing any person being charged in a contract creating an interest in lands for a longer period than one year by an oral contract; and the parties having proceeded to act under the contract, and having created the relation of landlord and tenant, the contract, so far as stipulations are made not within the statute, governs the parties so long as possession is retained and the tenant has an interest from month to month, and is regulated in every respect by the terms of the lease, except as to the term; and the proof of the contract is sufficient proof of the amount of rental per month and time of payment. Doe on the demise of *Riggs* v. *Bell,* 5 Durn. & East, 471; *Richardson* v. *Gifford,* 1 Adol. & Ell. 52; *Schuyler* v. *Liggett,* 2 Cowan (N. Y.), 660; *People ex rel. Kline* v. *Rickert,* 8 id. 226; *Barlow* v. *Wainwright,* 22 Vt. 88; *Laughran* v. *Smith,* 75 N. Y. 205; 1 Greenleaf's Cr. on R. P. 246; Browne on Frauds, sec. 39.

Rent being due by the terms of the parol letting, which regulated the amount and time of payment of rent, the landlord had a right to distrain. *Schuyler* v. *Liggett, supra.*

It is urged by appellant, that in case of contracts within the statute, no recovery can be had except for use and occupation on a *quantum meruit,* and it is insisted, that *Warner* v. *Hale, supra,* sustains that view. This court, in *Chicago Attachment Co.* v. *Davis Sewing Machine Co.,* 142 Ill. 171, said: "And, therefore, in *Warner* v. *Hale,* 65 Ill. 395, where suit was brought to recover rent on a verbal contract leasing a dock for a term of more than one year, and the statute of frauds was pleaded and relied upon as a defense, we held, that the facts that appellee was let into possession of the premises under the contract, and occupied them awhile, and paid rent pursuant to the verbal contract, did not take the case out of the statute, and that there could, therefore, be no recovery under the contract, and that the only remedy of the lessor was under a *quantum meruit* for use and occupation."

Prior to the act of 20th February, 1861, to maintain an action for use and occupation, the relation of landlord and tenant must exist between the parties, and must be founded on a contract express or implied. *Dudding* v. *Hill,* 15 Ill. 61; *Hadly* v. *Morrison,* 39 id. 392.

By the act of 1861 the remedy was extended to include other cases therein mentioned, but created no new rule of evidence. In writing of the action for use and occupation, Taylor, in his work on Landlord and Tenant, section 650, 8th edition, says: "In this action the plaintiff may resort to the original agreement, though void under the statute of frauds, for the purpose of ascertaining the amount of rent agreed to be paid." In *Williams* v. *Sherman,* 7 Wend. 109, it was substantially held: In an action for use and occupation, the plaintiff may avail himself of an agreement not under seal, whereby a rent certain is fixed, to regulate the amount of recovery, although plaintiff has not declared on the agreement and claims generally to recover for use and occupation. The defendant is not at liberty to give

evidence of the value of the premises occupied to reduce the recovery below the sum stipulated.

The contract in this case, under which the tenant entered, though within the statute of frauds, regulates the amount of rent and time of payment during the tenancy, and in an action for use and occupation must be the measure of the amount of recovery for such use and occupation.

The action for use and occupation may, in particular cases, be determined from the contract between the parties, which must govern as a matter of evidence as to the amount of damages; in other cases, under particular facts, it must be determined under a *quantum meruit*, and the value of rental of the property shown. From the facts stated in the opinion in the case of *Warner* v. *Hale et al.* it is difficult to determine on what the direction for estimating the value of the same on the basis of a *quantum meruit* was made; at all events, that direction was but a direction based on the facts of that particular case, and not a discussion of a principle of law applicable to a particular class of cases. The statement of what was held by this court in that case, by what is said in *Chicago Attachment Co.* v. *Davis Sewing Machine Co.*, was used in stating the rule, that the fact that the tenant was let into possession and entered under a contract within the statute of frauds, and occupied and paid rent for a time, did not take the case out of the statute, and in no manner enlarged, added to or varied what was said in *Warner* v. *Hale et al.* That without modifying what was said in either *Warner* v. *Hale et al.*, *supra*, and in *Chicago Attachment Co.* v. *Davis Sewing Machine Co.*, *supra*, we are of opinion there is no error in the judgment of the Appellate Court, and that judgment is affirmed.

*Judgment affirmed.*