## Elvira Bergamo, Defendant in Error, v. Tony Tarello, Plaintiff in Error.

### Gen. No. 18,184.

1. LANDLORD AND TENANT, § 209*—*effect of statute of frauds on covenant to repair.* Tenant in possession is bound by a covenant to repair, although the agreement by which he holds is void, or contrary to the statute of frauds.

2. LANDLORD AND TENANT, § 94*—*when occupancy under a lease within the statute of frauds creates tenancy from month to month.* One taking possession under a verbal lease voidable under the statute of frauds, agreeing to pay rent monthly and paying rent as it accrues, becomes a tenant from month to month.

3. LANDLORD AND TENANT, § 479*—*when notice by tenant from month to month terminates lease.* Where a tenant from month to month gives notice on the first day of a month of his intention to move at the end of the month and pays rent for that month, *held* tenant is not liable for the next month's rent where he moves before the first day of the next month.

4. FRAUDS, STATUTE OF, § 96*—*when part performance does not take lease out of statute.* The doctrine of part performance is not applicable to a lease within the statute of frauds in a court of law.

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOP-KINS, Judge, presiding. Heard in this court at the March term,

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

1912.   Reversed with judgment here.   Opinion filed November 24, 1913.

CAIROLI GIGLIOTTI, for plaintiff in error.

FRIEDMAN & ADER, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

February 1, 1910, the parties to this suit entered into a verbal contract by which plaintiff, Bergamo, rented to defendant, Tarello, certain premises for three years at a monthly rental of $14 per month, payable monthly, and defendant agreed to reimburse plaintiff for the cost of certain repairs if he moved out before the expiration of the three years. Defendant gave notice August 1, 1911, of his intention to move out at the end of the month, paid the rent for August and moved out during the month. Plaintiff brought suit for the rent for September and for the cost of making certain repairs and on a trial by the court had judgment for $86.96, and the defendant has sued out this writ of error.

The lease was void under the statute of frauds and the doctrine of part performance is not applicable to a lease within the statute of frauds in a court of law. *Marr v. Ray*, 151 Ill. 340, 26 L. R. A. 799; *Warner v. Hale*, 65 Ill. 395.

When a party enters into possession of premises under a verbal letting voidable under the statute of frauds, agreeing to pay rent monthly, and pays rent as it accrues, he becomes a tenant from month to month. *Marr v. Ray, supra; Brownell v. Welch*, 91 Ill. 523; *Warner v. Hale, supra; Prickett v. Ritter*, 16 Ill. 96.

A tenant in possession is bound by the covenant to repair, although the agreement under which he holds may be void, or contrary to the statute of frauds. 1 Taylor, Landlord and Tenant, sec. 363.

In *Marr v. Ray, supra,* it was said (p. 345): "The

policy of the statute is satisfied in preventing any person being charged in a contract creating an interest in lands for a longer period than one year by an oral contract; and the parties having proceeded to act under the contract, and having created the relation of landlord and tenant, the contract, so far as stipulations are made not within the statute, governs the parties so long as possession is retained and the tenant has an interest from month to month, and is regulated in every respect by the terms of the lease, except as to the term; and the proof of the contract is sufficient proof of the amount of rental per month and time of payment. *Doe on the demise of Riggs v. Bell,* 5 Durn. & East 471; *Richardson v. Gifford,* 1 Adel. & Ell. 52; *Schuyler v. Liggett,* 2 Cowan (N. Y.) 660; *People ex rel. Kline v. Rickert,* 8 id. 226; *Barlow v. Wainwright,* 22 Vt. 88; *Laughran v. Smith,* 75 N. Y. 205; 1 Greenleaf's Cr. on R. P. 246; Browne on Frauds, sec. 39.''

The court gave judgment for the plaintiff for $86.90, made up of the following items:

| | |
|---|---|
| Rent | $14.00. |
| Plumbing | 26.40. |
| Gas pipe | 14.00. |
| Plastering and painting | 25.00. |
| Broken electric lamp | 7.50. |

We think the award of $14 for rent was improper because plaintiff gave notice of his intention to move out August 1, and moved out before the first of September, and also think that the award of $26.40 for plumbing was improper. Possibly the defendant was liable for the cost of replacing a closet, but the plumber made a gross charge of $26.40 for putting in a new closet and for other work for which the defendant clearly was not liable, and it is impossible to tell what was the cost of replacing the closet. As to the other items, amounting to $46.50, we think the court might from the evidence properly hold the defendant liable to the plaintiff.

The judgment of the Municipal Court will be re-

Dean v. Chicago & N. W. Ry. Co., 183 Ill. App. 317.

versed and judgment entered here for the defendant in error, Elvira Bergamo, against the plaintiff in error, Tony Tarello, for $46.50.

*Judgment reversed with judgment here.*