Frank S. Matousek, Appellee, v. Lawrence Quirici,
Appellant.

Gen. No. 21,267.

1.  Landlord and tenant, § 14*—*when tenant under void lease
liable for use and occupation.* Even though a parol lease of a build-
ing is void under the Statute of Frauds, yet the lessor may recover
for use and occupation for so long a time as such use and occupation
of the building continue.

2.  Landlord and tenant, § 8*—*what constitutes occupancy.* In
an action to recover for use and occupation of a building under a
parol lease, where it appeared that defendant leased the building in
question for the purpose of preventing its occupation as a fruit store
in competition with that of defendant, *held* that defendant was in
the use and occupation of the building so as to bind him on his oral
contract except as to the term, notwithstanding the fact that defend-
ant did not occupy such building during the period for which rent
is sought to be recovered, for the reason that as defendant held the
right to occupy, or to prevent others from occupying, he had an
interest from month to month and thereby exercised use and occupa-
tion, in which case the actual physical presence of defendant on the
premises was not necessary.

3.  Appeal and error, § 1411*—*when verdict not disturbed where
evidence conflicting.* In an action to recover for use and occupation
of a building under a parol lease, where the evidence was conflicting
as to whether defendant gave notice of a termination of the contract,
a finding that such notice was not given, *held* not erroneous because
the trial court believed plaintiff's testimony to such effect.

Appeal from the Circuit Court of Cook county; the Hon. John
McNutt, Judge, presiding.   Heard in this court at the March term,
1915.  Affirmed.  Opinion filed December 6, 1915.

Short, Davis & Rust, for appellant.

Charles A. Churan, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit before a justice of the peace and had judgment, from which defendant appealed to the Circuit Court. Upon trial in the Circuit Court plaintiff had judgment for eighty dollars, from which defendant has appealed to this court.

After considering the variant testimony we think that the trial court might reasonably have believed that defendant ran a fruit store on 25th street in Chicago; that across the street was a vacant store; that defendant's predecessor in business had leased this vacant store and had kept it vacant so as to prevent any business competitor from occupying it; that defendant upon succeeding to the business desired to make the same arrangement with plaintiff concerning the vacant store, and that a verbal lease of it was made whereby defendant agreed to pay ten dollars a month for it; that defendant kept this store vacant and paid rent therefor for three months. This suit is for eight months' rent following the period for which defendant paid rent.

Plaintiff concedes the parol lease to be within the Statute of Frauds, but says he is entitled to recover for use and occupation of the premises, to which defendant replies that he did not have the use and occupation of the premises.

Even if the contract of leasing is void, the landlord may recover for use and occupation for so long a time as such use and occupation continue. *Warner v. Hale,* 65 Ill. 396. Was the defendant in the use and occupation of the premises? We hold that he was. The actual physical presence of the defendant on the premises was not essential. By holding the right to occupy for his own business or to prevent others from occupying he exercised use and occupation of the premises, and for such a period as he held that right he is liable.

He had an interest from month to month, and until this interest was terminated he was bound by his oral contract, except as to the term. *Marr v. Ray,* 151 Ill. 340.

There is conflicting testimony as to whether or not defendant told plaintiff at the end of the three months' period for which he paid rent that he did not wish the premises for any longer time, but we cannot say that the court was not justified in believing plaintiff's testimony to the effect that no such language was used or anything said which the court might construe as a notice of termination.

Seeing no convincing reason for reversing the judgment, it is affirmed.

*Affirmed.*