SOUTH AUSTIN REALTY ASSOCIATION, Plaintiff-Appellee, *v.* ETHEL SOMBRIGHT, Defendant-Appellant.

First District (2nd Division)   No. 76-315

Opinion filed March 22, 1977.

Anthony J. Fusco, Jr., Gordon Waldron, and William P. Wilen, all of Legal Assistance Foundation, of Chicago, for appellant.

Jerome A. Marren, of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

This appeal is taken from a judgment of the circuit court of Cook County in a forcible entry and detainer action. The circuit court struck the affirmative defenses and counterclaim of defendant, Ethel Sombright,

and entered judgment for possession on behalf of plaintiff, South Austin Realty Association, as the agent of the landlord, the United States Secretary of Housing and Urban Development. This court stayed enforcement of the eviction order and directed that defendant comply with the terms of a "use and occupancy" bond pending disposition of this appeal. Defendant contends the circuit court erred in denying the affirmative defenses and counterclaim.

After service of a five-day notice (Ill. Rev. Stat. 1975, ch. 80, par. 8), plaintiff instituted this action on December 31, 1975, under the Illinois Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 57, par. 1 *et seq.*), for possession of premises then occupied by defendant under a written lease providing for a month-to-month tenancy. The complaint also initially sought back rent owed in the sum of $350. The premises in question were part of a "two-flat" structure.

Defendant's answer denied that rent was owing. She claimed that under the decision of our supreme court in *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208, she was entitled to setoffs against the rent for the costs of certain enumerated repairs the landlord had agreed to make and which also constituted violations of the Chicago Building Code Ordinance (Municipal Code of Chicago, ch. 78). Defendant admitted she did not pay rent since September 1975 and had withheld the rent for three months and would continue to do so until the landlord made the repairs. She also claimed to have deposited the monthly rental in an "escrow" bank account, and a photostat of a bankbook showing a $640 balance (four months rent) was attached to the answer filed February 19, 1976. As an additional affirmative defense defendant asserted the lease was illegal and void and hence unenforceable because the premises were in substantial noncompliance with the Chicago Building Code when the lease was executed. By way of counterclaim she related her continuous requests of the landlord to make repairs, and she also alleged the Federal government's failure to act was "an abandonment and dereliction" of its duties under the Housing Act of 1949 (42 U.S.C. §1441 (1970)). Defendant sought an order of specific performance requiring the landlord to bring the premises into compliance with the City of Chicago Building Code.

At a hearing in the trial court plaintiff abandoned the claim for rent and sought only possession of the premises based on defendant's failure to pay rent. The trial court struck the affirmative defenses and the counterclaim, reasoning that since *Jack Spring, Inc. v. Little* applied only to "multiple" dwelling units, that decision did not apply to a "two-flat," as involved in the present case. The trial court entered judgment for possession for plaintiff.

In *Jack Spring, Inc. v. Little*, under circumstances resembling those in

the case at bar, landlords brought actions to regain possession of premises occupied by defendants who had failed to pay the rent due. Our supreme court reversed the trial court's orders, striking affirmative defenses asserted by the tenants under section 5 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1969, ch. 57, par. 5). The tenants claimed they were entitled to setoffs against the rent due for the landlords' breach of promises to make repairs and for failure to remedy structural defects violating the Municipal Code of Chicago. The supreme court held that such defenses were "germane" to the nature of the proceedings under section 5 of the Forcible Entry and Detainer Act. This decision was predicated on the fact that each lease for "the occupancy of multiple dwelling units" contained an implied warranty of habitability which could be fulfilled by compliance with the local building ordinances. Under such circumstances the landlord would not be entitled to possession on the basis that the rent had not been paid if the damages caused to the tenants by the landlord's breaches (either of an express agreement to repair or of an implied agreement to repair based on the implied warranty of habitability) exceeded the rent due.

The defendant's answer in the present case alleged that when she commenced occupancy of the premises on July 29, 1974, and thereafter, the premises were in a state of disrepair. She enumerated many alleged violations of the City of Chicago Municipal Housing Code to support her claim. Defendant also asserted that plaintiff was notified and acknowledged the defects, but failed to remedy them.

■■ Here the trial court was aware of the supreme court decision in *Jack Spring, Inc. v. Little,* but it held that the decision did not apply because a two-flat is not a multiple-dwelling unit. Although the record suggests there is also a basement apartment at the premises, it is undisputed that there are at least two dwelling units in this "two-flat" and that defendant occupied the first floor. Plaintiff contends that reference by our supreme court in *Jack Spring, Inc. v. Little* to the opinion of the United States Supreme Court in *Jones v. Alfred H. Mayer Co.* (1968), 392 U.S. 409, 20 L. Ed. 2d 1189, 88 S. Ct. 2186, suggests that the former decision was not applicable to owner-occupied units intended to be occupied by no more than four families. The *Jones* decision, however, involved reference to the Civil Rights Act of 1968 which did not apply to these types of housing units. We can find no basis in Illinois law for construing the term "multiple dwelling unit" as used in *Jack Spring, Inc. v. Little* other than in its ordinary meaning of two or more dwelling units. This being so, the decision of the supreme court in *Jack Spring, Inc. v. Little* applied; and the trial court erred in striking defendant's first and second affirmative defenses which alleged (1) the landlord's violation of its express promise to repair, and (2) breach of its implied covenant to

repair the premises to comply with the local building ordinance. These allegations were "germane" to whether plaintiff was entitled to possession based on defendant's alleged nonpayment of rent.

Defendant's third affirmative defense asserted that the existence of substantial building code violations on the premises when the lease was executed renders the lease illegal and hence unenforceable. Defendant reasons that as a consequence plaintiff may neither bring an action for rent nor succeed in an eviction proceeding. Put somewhat differently, it is urged that defendant is not obliged to pay rent and may not be evicted. Defendant relies on *Longenecker v. Hardin* (1st Dist. 1970), 130 Ill. App. 2d 468, 264 N.E.2d 878. In *Longenecker* the appeal concerned a confession of judgment for rent following defendant's surrender of the premises. That decision holds that a lease for premises that are in substantial violation of the Municipal Housing Code is unenforceable and cannot support an action for rent. *Longenecker* does not hold that a landlord cannot seek eviction of a tenant for nonpayment of rent based on a lease for premises which are in such violation.

■■■ The court in *Jack Spring, Inc. v. Little* said its decision did not alter the rule that liability for rent continues so long as the tenant remains in possession. (*Automobile Supply Co. v. Scene-In-Action Corp.* (1930), 340 Ill. 196, 201, 202, 172 N.E. 35, 37, 38.) A tenant holding under an invalid lease is still liable for the reasonable value of his possession. For example, a month-to-month tenant holding under an agreement within the statute of frauds is liable for the rent for the time possession is retained. (*Marr v. Ray* (1894), 151 Ill. 340, 37 N.E. 1029; *Wagner v. Kepler* (1951), 411 Ill. 368, 376, 377, 104 N.E.2d 231, 235, 236.) Here defendant remained in possession and thus incurred liability for the reasonable value of her possession. The trial court did not err in striking defendant's third affirmative defense based on the purported illegality of the lease.

■■ Finally, it appears the trial court struck defendant's counterclaim in the belief that it did not have jurisdiction in a forcible entry and detainer action to consider or grant the equitable relief requested. The counterclaim reasserted the existence of the code violations, the landlord's promises to repair, its knowledge of the violations and failure to repair despite requests by the tenant. Defendant alleged that the landlord, the United States Department of Housing and Urban Development, was mandated by Congress, as set forth in the Housing Act of 1949 (42 U.S.C. § 1441 (1970)), to provide a decent home and suitable living environment for every American and was obliged to carry out the stated congressional purpose of eliminating substandard and inadequate housing through the clearance of slums and blighted areas. Defendant asserted that the Federal government's failure to repair the existing defects was not only a breach of its covenant with the tenant but "an

abrogation and dereliction of the duties imposed upon HUD by the Mandate of the National Housing Act." Defendant sought specific performance of plaintiff's alleged express covenant to repair the premises and of the implied warranty of habitability by requiring the landlord to bring the premises into code compliance.

Plaintiff does not assert that the landlord's status as an agency of the United States government in any manner relieves it from the obligations imposed upon landlords of multiple-dwelling units by our supreme court in *Jack Spring, Inc. v. Little*. To the contrary, the purposes of the provisions of the Chicago Building Code here in question (see Municipal Code of Chicago, ch. 78, espec. § 78—11) discussed by this court in *Longenecker v. Hardin* (1st Dist. 1970), 130 Ill. App. 2d 468, 474, 475, 264 N.E.2d 878, 881, closely parallel those espoused in the National Housing Act.

■■ Defendants in a forcible entry and detainer action may assert equitable defenses, and equitable relief may be granted. (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833.) In *Clore v. Fredman* (1974), 59 Ill. 2d 20, 319 N.E.2d 18, the landlord filed a forcible entry and detainer action, and the tenants in a separate action sought a mandatory injunction preventing the landlord from evicting them and requiring him to repair his property to meet the minimum requirements of the local housing code. The supreme court ordered that the cases be consolidated on remand for disposition. (*Cf. Goldblatt Bros. v. Addison Green Meadows, Inc.* (1st Dist. 1972), 8 Ill. App. 3d 490, 500, 290 N.E.2d 715, 721, 722.) We conclude the trial court erred in dismissing the counterclaim seeking equitable relief.

We deem it appropriate that we consider the further issue that a provision in the written lease bars the affirmative defenses and the counterclaim. At the hearing plaintiff's counsel told the court the claim for rent was "waived." Without objection or any expression of disagreement by plaintiff's counsel, defendant recited certain "agreed" facts to the effect that, when defendant and her family commenced occupation of the premises on July 29, 1975, plaintiff expressly covenanted to keep the premises in repair and to repair the defects enumerated in defendant's answer. Discussion then ensued between counsel concerning the effect of the following two clauses in the lease:

> "2. The TENANT by the execution of this agreement admits that the premises are in a tenantable condition and agrees that at the end of said term to deliver up and surrender said premises to the LANDLORD in as good condition as when received, reasonable wear and tear thereof, excepted.
>
> 3. It is further agreed that the LANDLORD will make all necessary repairs to said property except repairs necessary to be

made caused by the acts or neglect of the TENANT. No alteration, addition, or improvements shall be made in or to the premises without the consent of the LANDLORD in writing, and all additions and improvements made by the TENANT shall belong to the LANDLORD."

It appears that plaintiff admitted in the trial court that there was an express covenant to repair. Paragraph 2 of the lease does not relieve the landlord from compliance with the provisions of the local building code which are "as much a part of the contract as if they had been enumerated by the parties." (*Schiro v. W. E. Gould & Co.* (1960), 18 Ill. 2d 538, 545, 165 N.E.2d 286, 290, 291.) Paragraph 2, therefore, must be interpreted to refer to the condition of the premises apart from any violations of the building code. We do not believe that plaintiff may rely upon this section of the lease to frustrate the holding of *Jack Spring, Inc. v. Little*.

Accordingly, the judgment of the circuit court of Cook County striking the first two affirmative defenses and the counterclaim is reversed. Its judgment striking the third affirmative defense is affirmed. The cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part; and remanded.

DOWNING, P. J., and STAMOS, J., concur.