ARCO PETROLEUM PRODUCTS COMPANY, Plaintiff-Appellant and Cross-Appellee, v. MATTHEW WILLIAMS, a/k/a Matt Williams, Defendant-Appellee and Cross-Appellant.

First District (5th Division)   No. 85—0137

Opinion filed July 18, 1986.

Lord, Bissell & Brook, of Chicago (C. Joseph Yast and Hugh C. Griffin, of counsel), for appellant.

Harvey L. Walner & Associates, Ltd., of Chicago (Gregg I. Minkow, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This forcible entry and detainer action was originally brought for possession of gasoline-service-station premises and for rent and hold-over damages. The circuit court dismissed with prejudice the complaint of the lessor, ARCO, finding insufficient notice of termination to the lessee, Matthew Williams. An affirmative defense and counter-claim by Williams had previously been severed as not germane to the action. ARCO has appealed from the dismissal with prejudice of its action and Williams has cross-appealed from the severance of his affirmative defense and counterclaim.

We reverse and remand.

The lease at issue was entered into on May 24, 1983, and concerned gasoline-service-station premises located at 10301 South State Street in Chicago. Included in the lease were provisions: giving the lessor the right to immediately terminate the lease for criminal misconduct by the lessee relevant to the operation of the premises; giving the lessor the right to terminate the lease for trademark violations, including mislabeling or misbranding of motor fuels, by the lessee; and giving the lessor the right to terminate the lease for nonpayment of rent by giving the lessee not less than five-days prior written notice of termination.

By letter dated July 11, 1984, ARCO notified Williams that he was in default to ARCO in the amount of $6,695.66 for rent and other sums. ARCO demanded immediate payment and noted that failure to pay within five days would constitute a default under the lease.

On August 27, 1984, ARCO mailed to Williams by certified mail a

notice of termination of the lease "as of the close of business on August 31, 1984." Among the bases for termination cited in the letter were: criminal misconduct by the lessee, who allegedly attacked an ARCO delivery truck driver with an ax; sale of non-ARCO gasoline under ARCO's name; and nonpayment of the amount demanded in the July 11 letter as well as a subsequent indebtedness, totalling $20,275.

This action was commenced September 11, 1984, by a complaint seeking possession, rent, holdover damages for each additional day defendant retained possession after August 31, 1984, and attorney fees.

Williams filed a counterclaim and affirmative defense alleging, *inter alia,* that he was unable to pay the rent because ARCO had refused to deliver gasoline to Williams in violation of a lessee-dealer gasoline agreement executed simultaneously with the lease. These matters were severed by the circuit court, which found them not to be germane to the issue of possession.

On December 12, 1984, the circuit court denied ARCO's motion for summary judgment. The court then dismissed the action with prejudice, finding that no proper notice of termination had been made to Williams.

During the pendency of this appeal (in April 1985) ARCO filed another forcible entry and detainer action against Williams, seeking possession only, as permitted by Illinois law. (Ill. Rev. Stat. 1985, ch. 110, par. 9—116.) ARCO obtained a judgment for possession and on August 21, 1985, Williams was evicted. ARCO belatedly advised this court of those proceedings on December 31, 1985. On oral argument before this court, ARCO has conceded that in the event this cause is remanded to the circuit court on the remaining issue of damages, Williams' counterclaim and affirmative defense could be properly heard in the same action. Accordingly, the only issue we need determine is whether Williams was properly notified of the termination of the lease.

■ The circuit court found that to the extent the termination was based on Williams' rent arrearage ARCO was required to give Williams the five days' notice required by section 9—209 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1985, ch. 110, par. 9—209). The court also found that the notice mailed August 27, with termination to be effective at the close of business on August 31, only constituted four days' notice because by statute the first day was not to be counted. (Ill. Rev. Stat. 1985, ch. 1, par. 1012.) ARCO contends that this provision is inapplicable because the lease provides that notice shall be deemed served as of the date of mailing. ARCO also contends

that it was not relying on the statutory five days' notice which provides a lessee with five days to cure, but on the lease provision granting the lessor a right to terminate upon at least five days' notice for nonpayment of rent. We do not reach all these issues, however, for we find that another basis for termination, Williams' alleged criminal actions, required no advance notice.

As we have noted, the lease gave ARCO the right to immediately terminate in the event of criminal conduct by Williams. The August 27 letter to Williams cited Williams' alleged criminal attack on an ARCO driver as a basis for termination. Under the terms of the lease, no additional notice was required.

■ The circuit court found that Williams was also relying on the statutory five days' notice for nonpayment of rent, and therefore had waived the right to immediate termination. But in this case ARCO clearly was relying on the five days' notice provision in the lease, rather than the statutory five days' notice. This is evident from the fact that the August 27 letter did not give Williams time to cure the default, as the statutory notice does, but informed him that termination would occur because of nonpayment of rent, thus tracking the lease's provisions for nonpayment of rent. Under these circumstances no waiver of ARCO's termination rights under the lease may be inferred. *Bogden v. Lasswell* (1947), 331 Ill. App. 395, 73 N.E.2d 441; *Clark v. Stevens* (1921), 221 Ill. App. 233.

■ Williams also contends that the Petroleum Marketing Practices Act (15 U.S.C. sec. 2801 *et seq.* (1982), required a 90-day termination notice. Although such notice is generally required under the Act (15 U.S.C. sec. 2804(a)(2) (1982)), such notice is not required where the requirement would be unreasonable. (15 U.S.C. sec. 2804(b)(1)(A) (1982).) Where, as here, it is alleged that the dealer has physically attacked an ARCO driver who was attempting to make a delivery to the dealer, immediate termination was reasonable. See *Wisser Co. v. Mobil Oil Corp.* (2d Cir. 1984), 730 F.2d 54.

The judgment of the circuit court is reversed and the cause remanded with directions to reinstate ARCO's complaint as well as Williams' affirmative defense and counterclaim.

Reversed and remanded with directions.

SULLIVAN, P.J., and PINCHAM, J., concur.